1 | **LAQUER, URBAN, CLIFFORD & HODGE LLP**
2 | Matthew T. Bechtel, State Bar No. 260450
  | Email: Bechtel@luch.com
3 | 225 South Lake Avenue, Suite 200
4 | Pasadena, California 91101-3030
  | Telephone: (626) 449-1882
5 | Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the
Operating Engineers Pension Trust, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST and TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> WILMAR INSPECTIONS CO., a California corporation, <br><br> Defendant. | CASE NO.:  8:17-cv-958 <br><br> **COMPLAINT SEEKING DAMAGES AND OTHER RELIEF FOR:** <br><br> **1. BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS; and** <br><br> **2. VIOLATION OF § 515 OF ERISA, 29 U.S.C. § 1145.** |

/ / /

/ / /

/ / /

Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust and Trustees of the Operating Engineers Training Trust complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. §1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. §1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. §185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. §1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. §185(a)], in that this is the district in which the Plaintiffs' trust funds are administered, in which the relevant acts took place, and in which moneys are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

///
///
///

# PARTIES

5. Plaintiffs are the Trustees of the Operating Engineers Pension Trust, the Operating Engineers Health and Welfare Fund, the Operating Engineers Vacation-Holiday Savings Trust, and the Operating Engineers Training Trust (collectively "Trusts").  The Trusts are express trusts created pursuant to written declarations of trust ("Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various employer associations in the construction industry in Southern California and Southern Nevada, including the Southern California Contractors Association, Inc.  The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to § 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].

6. Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].

7. Plaintiffs are informed and believe, and thereon allege, that at all times material herein defendant Wilmar Inspection Co. (hereinafter "Employer") has been a corporation organized and existing by virtue of the laws of the State of California with its principal place of business located in Los Alamos, California.

**EXECUTION OF BARGAINING AGREEMENT AND STATUS OF PARTIES**

8. On or about December 1, 2004, Employer executed and delivered a written collective bargaining agreement ("Agreement") to Local 12, whereby Employer agreed to be bound by the terms and conditions, with certain exceptions, of certain written and existing collective bargaining agreements between various multiemployer associations and Local 12.  In particular, Employer agreed to be bound by the written Master Labor Agreement ("Master Agreement") in effect between Local 12 and the Southern California Contractors Association, a multi-employer association.

9. At all times since at least December 1, 2004, the Master Agreement has been an effective written collective bargaining agreement between the Association

3
COMPLAINT
1139109

and Local 12. At all times herein, Employer was obligated to the terms and provisions of the Agreement, Master Agreement and related Trust Agreements.

10. On or about February 15, 2005, Employer executed and delivered to the Trusts a written Principal Employee Program Participation Agreement (hereinafter "Principal Employee Agreement") whereby Employer agreed to pay a monthly flat rate contribution to the Trusts on behalf of William Justice ("Mr. Justice") and to be bound by the terms and conditions, with certain exceptions, of the Agreement, the Trust Agreements, and Master Agreement.

11. Employer is an "employer," as that term is understood in the Master Agreement and related Trust Agreements.

12. Employer is an "employer" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Employer is "obligated to make contributions to a multiemployer plan" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Employer is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## FIRST CLAIM FOR RELIEF
## (BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS)

13. Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through 12 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

14. By the terms and provisions of the Master Agreement and related Trust Agreements, and at all times material herein:

    a. Employer agreed to prepare and submit true, complete and accurate written monthly contribution reports (hereinafter "Reports") to the Trusts on

a timely basis showing the identity of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. At all times material herein, Employer has been obligated to submit its monthly Reports and pay its contributions to the Trusts at their place of business in Pasadena, California, on or before the 10th day of each successive month;

      b. Employer agreed to permit the Trusts and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

      c. Employer agreed to pay to the Trusts fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees. These amounts are due and payable at the Trusts' administrative offices in Pasadena, California.

      15. By the Principal Employee Agreement, Master Agreement, and Trust Agreements, and at all times material herein, Employer was obligated to pay a monthly flat rate contribution to the Trusts on behalf of Mr. Justice, and all full-time employees not covered by a collective bargaining agreement. If Employer failed to pay the flat rate under the Principal Employee Agreement, Employer is obligated to report Mr. Justice for all hours worked or paid and to pay contributions on his behalf pursuant to the terms and conditions of the Master Agreement. The Trustees are informed and believe, and thereon allege, that at all times material herein, Mr. Justice received compensation from Employer that was other than an hourly wage, and that Mr. Justice worked more than forty (40) hours per week performing work covered by the Master Agreement. The Master Agreement provides that signatory employers must pay contributions based on forty (40) hours per week on behalf of employees who perform covered work and who are compensated by other than an hourly wage.

16. Plaintiffs are informed and believe, and based thereon allege, that all conditions, covenants and promises required to be performed as conditions precedent for Employer's performance under the Agreement, Master Agreement and related Trust Agreements have been properly performed.

17. Employer failed to submit monthly reports and pay fringe benefit contributions to the Trusts based on work performed during the months of July 2016 through the present, and owes at least $40,317.14.

18. Plaintiffs are informed and believe, and based thereon allege, that Employer owes, but has failed to pay, certain additional amounts of fringe benefit contributions not presently known to Plaintiffs, but these additional amounts will be established by proof.

19. Pursuant to the Master Agreement and section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], Employer agreed that in the event Employer failed to pay fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, Employer would be considered delinquent with the Trusts and would pay the Trusts the sum of $25.00 per month, ten percent (10%) of the total amount then due, or interest on the amount due at the rates established pursuant to 26 U.S.C § 6621 from the due date, whichever is greater, as liquidated damages for each delinquency.

20. Employer is "delinquent," as that term is used in the Master Agreement and related Trust Agreements.

21. Plaintiffs are informed and believe, and based thereon allege, that Employer owes the Trusts liquidated damages assessed at ten percent (10%) of the unpaid contributions.

22. For the months of July 2016 through March 2017, Employer failed to timely pay all reported contributions, and owes at least $4,031.71 for liquidated damages. The total amount of liquidated damages owed will be established by proof at the trial herein.

23. Plaintiffs are informed and believe, and based thereon allege, that there is no legal excuse for Employer's breach of the Agreement, Master Agreement and related Trust Agreements.

24. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Employer is obligated to pay the Trusts interest on all delinquent unpaid fringe benefit contributions and other amounts owed under the Master Agreement. Accrued interest in amounts presently unknown is due by Employer to the Trusts. These additional amounts will be established by proof at the trial herein.

25. Pursuant to the Master Agreement and related Trust Agreements, Employer agreed, in the event of any delinquency, to pay all legal and auditing costs in connection therewith, whether incurred before or after litigation is, or was, commenced.

26. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof at the trial herein.

27. Pursuant to the Trust Agreements, Employer agreed, and is thereby obligated, to post and deliver either a good faith deposit, or a performance bond, issued in favor of the Trusts in an amount based upon a calculation set forth in the Master Agreement. Plaintiffs are informed and believe, and thereon allege, that the Trusts are entitled to such good faith deposit and delivery of monies or bond from Employer. The amount of the good faith deposit or bond will be established by proof.

28. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:


      a.    Order Employer to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts in an amount determined by the Court to be appropriate, and

      b.    Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to the Trusts, and

      c.    Order Employer to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit costs and other expenses and damages incurred.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF §515 of ERISA)

29.    Plaintiffs hereby incorporate by reference paragraphs 1 through 28 of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

30.    Section 515 of ERISA [29 U.S.C. § 1145] provides that employers who are obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

31.    Plaintiffs are informed and believe, and based thereon allege, that all conditions, covenants and promises required to be performed as conditions precedent for Employer's performance under section 515 of ERISA [29 U.S.C. § 1145] have been properly performed.

32.    Plaintiffs are informed and believe, and based thereon allege, that Employer violated its statutory mandated obligation to make fringe benefit contributions to the Trusts.

33.    Employer was given written notice of its non-performance and demand to perform. Employer has failed and refused, and continues to fail and refuse, to cure its violation.

34.     Plaintiffs are informed and believe, and based thereon allege, that there is no legal excuse for Employer's violation of section 515 of ERISA [29 U.S.C. § 1145].

35.     Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the court shall award the plan: i) the unpaid contributions, ii) interest on the unpaid contributions, iii) an amount equal to the greater of a) interest on the unpaid contributions or b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court to be unpaid contributions, iv) reasonable attorneys' fees and costs, and v) such other legal or equitable relief as the Court deems appropriate.  For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)] interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended [26 U.S.C. § 6621].  The exact amount of the unpaid contributions, benefits, withholdings, damages, reasonable attorneys' fees, court costs, interest, liquidated damages and other expenses allowed by federal statute has not been ascertained at this time.  These amounts shall be established by proof at the trial herein.

36.     Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate.  As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

a.     Order Employer to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts in an amount determined by the Court to be appropriate, and

b.     Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to the Trusts, and

c.     Order Employer to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

# PRAYER

WHEREFORE, as to all Claims for Relief, Trustees pray for judgment against Employer as follows:

1. For unpaid fringe benefit contributions in amounts as proved;
2. For damages for breach of contract in amounts as proved;
3. For liquidated damages in amounts as proved;
4. For interest pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)] and section 6621 of the Internal Revenue Code of 1986, as amended [26 U.S.C. § 6621], or at the legal rate, in amounts as proved;
5. For the costs of an audit in amounts as proved;
6. For reasonable attorneys' fees and costs of suit incurred; and
7. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

   a. For an order directing Employer to pay to the Trustees all amounts due the Trustees, including, but not limited to, unpaid fringe benefit contributions, benefits, withholdings and/or other amounts in an amount proved at the time of trial;

   b. For an order declaring that Employer hold its interests in specific property in trust for the Trustees, which property Employer acquired directly, or indirectly, from its use of unpaid contributions, benefits and/or withholdings and for an order compelling Employer to convey to the Trustees its interests in such applicable property; and

   c. For an order directing Employer to post and deliver to the Trustees either a good faith deposit, or a performance bond of any amount proven at the time of trial.

DATED: June 5, 2017                LAQUER URBAN CLIFFORD & HODGE LLP

By: */s/ Matthew T. Bechtel*
    Matthew T. Bechtel, Esq.
    Counsel for Plaintiffs

**WAIVER OF JURY RIGHT**

DATED: June 5, 2017          LAQUER URBAN CLIFFORD & HODGE LLP


By: */s/ Matthew T. Bechtel*
　　　Matthew T. Bechtel, Esq.
　　　Counsel for Plaintiffs